NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILFREDO ANTONIO PERAZA OTERO, AKA Wilfredo Otero, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-73187 Agency No. A095-009-950 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Wilfredo Antonio Peraza Otero, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Peraza Otero does not challenge the agency's dispositive determinations that his past harm in El Salvador did not rise to the level of persecution and that he did not establish an objectively reasonable fear of future persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Peraza Otero's asylum claim fails.

We do not consider Peraza Otero's contentions regarding the cognizability of his proposed social group or internal relocation within El Salvador. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

Substantial evidence supports the agency's denial of CAT relief because Peraza Otero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**